Peter F. Habein
Matthew A. Baldassin
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
Billings, Montana  59103-2529
Telephone:  (406) 252-3441
Facsimile:  (406) 256-0277
phabein@crowleyfleck.com
mbaldassin@crowleyfleck.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANIKA HUTH,<br><br>        Plaintiff,<br><br>  vs.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYD'S SEVERALLY SUBSCRIBING TO POLICY NUMBERS 115NAP108111970 AND 115NAP109111970,<br><br>        Defendants. | Case No. 12-00086-DWM<br><br><br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| SAMANTHA LASORTE,<br><br>        Plaintiff,<br><br>  vs.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYD'S SEVERALLY SUBSCRIBING TO POLICY NUMBERS 115NAP108111970 AND 115NAP109111970,<br><br>        Defendants. | Case No. 12-00087-DWM |

COMES NOW those Certain Underwriters at Lloyd's severally subscribing to Policy Numbers 115NAP108111970 and 115NAP109111970 (collectively, "Lloyd's") and hereby submit this brief in support of its motion for summary judgment, pursuant to Fed. R. Civ. P. 56.

## INTRODUCTION

Plaintiffs Anika Huth ("Huth") and Samantha LaSorte ("LaSorte")(collectively, "Plaintiffs") bring their claims as assignees of their former employer and Lloyd's insured, Real Estate Client Referrals, LLC ("RECR"). Plaintiffs allege that Defendant Lloyd's failed to defend or indemnify RECR against their former claims of sexual discrimination and retaliation under Policy Numbers 115NAP108111970 and 115NAP109111970  ("the Policy"). They are mistaken.

As a matter of law, Lloyd's duty to defend or indemnify RECR was not triggered until RECR satisfied its self-insured retention, which it failed or refused to do. Judgment in favor of Lloyd's is necessary and proper.

## UNDISPUTED FACTS

**A.    The Policy**

RECR, the defendant employer in the underlying Human Rights Bureau and State Court actions, was the insured under an Employment Practices Insurance Policy (the "Policy"). *See Defs.' Statement of Undisputed Facts in Support of*

*Motion for Summary Judgment* at ¶ 1 (June 19, 2013).  On the date of the events alleged in Plaintiffs' Complaints, RECR was insured under the Policy.  *Id.*

The Policy contained a self insured retention ("SIR") provision.  RECR was required to pay $25,000 before coverage would be triggered.  *Id.* at ¶¶ 2-3.

## B.    The Claims and Representation

Plaintiffs brought allegations of discrimination against RECR in the Montana Fourth Judicial District Court.  *Id.* at ¶ 4.  RECR's principal, Jeremiah Thompson, resisted settlement with Plaintiffs for fear that it would create an incentive to sue RECR.  *Id.* at ¶ 5.

RECR chose Malin Stearns Johnson and the Garlington, Lohn & Robinson ("GLR") firm to represent it in the discrimination suit.  *Id.* at ¶ 6.  Counsel for RECR was aware that RECR's insurance policy with Lloyd's contained a self-insured retention of $25,000.00 and that RECR would initially be responsible for payment of defense costs within that $25,000.00.  *Id.* at ¶ 7.  RECR failed or refused to compensate GLR for RECR's defense.  *Id.* at ¶ 8.

## C.    The Settlement, Covenant Not to Execute, and Assignment

Though it had previously resisted settlement, in March, 2011, RECR consented to have judgment entered against it and entered into Settlement Agreements and Assignments of Claims containing covenants not to execute.  *Id.* at ¶ 9.  Despite RECR's belief that the claims were of questionable merit and

readily defensible, it settled Lasorte's claim for $210,000.00, and Huth's claim for $225,000.  *Id.* at ¶ 10.  The Settlement Agreements were contingent upon Plaintiffs' covenant not execute against RECR or its principal.  However, RECR assigned to Plaintiffs the right to enforce the judgment against RECR's insurer.  *Id.* Based upon the Agreements between RECR and Plaintiffs, the State District Court entered judgment in Plaintiffs' favor.  *Id.*

Under the assignment of claims by RECR, Plaintiffs now allege that Lloyd's breached an obligation to defend or indemnify RECR under the Policy.  However, at the time the claims were settled, RECR had not paid one dollar toward its SIR and coverage had not been triggered.  Plaintiffs' claims fail as a matter of law and judgment for Lloyd's is necessary and proper.

## STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if Lloyd's shows there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Wellington v. Lyon County Sch. Dist.*, 187 F.3d 1150, 1154 (9th Cir. 1999).  The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact and entitlement to judgment as a matter of law.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322-323 (1986); *Aluminum Co. of Am. v. Natl. Marine Fisheries Svc.*

4

*Aluminum Co. of Am. v. Natl. Marine Fisheries Serv.*, 92 F.3d 902, 904 (9th Cir. 1996).   To survive summary judgment, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1567 (9th Cir. 1986) (opposing party must rely "on more than mere speculation, conjecture, or fantasy" to survive summary judgment).

## ARGUMENT

The interpretation of an insurance policy presents a question of law. *Pablo v. Moore*, 298 Mont. 393, 397, 995 P.2d 460, 462 (2000)(citing *Wellcome v. Home Ins. Co.*, 257 Mont. 354, 849 P.2d 190 (1993).   Insurance policies are interpreted as contracts and, according to Montana law, the "language of a contract governs its interpretation if that language is clear and explicit."   Mont. Code Ann. § 28-3-401; *Wellcome v. Home Ins. Co.*, 257 Mont. at 356, 849 P.2d at 192 ("language of the policy governs if it is clear and explicit").   Where the policy's language is clear, the courts "will not rewrite it, but enforce it as written."   *Brabeck v. Employers Mut. Cas. Co.*, 303 Mont. 468, 16 P.3d 355 (2000); *see also* Mont. Code Ann. § 33-15-316 ("Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application which is a part of the policy").

Here, the Policy's plain language eliminated any obligation by Lloyd's to defend or indemnify in the preceding matters as well as any liability in the case at bar.

**A.     RECR Failed or Refused to Satisfy its SIR – the Duty to Defend was Never Triggered**

An insurer whose policy contains to a SIR provision has no obligation to defend or indemnify until that retention is fully exhausted.  *Pac. Employers Ins. Co. v. Domino's Pizza, Inc.*, 144 F.3d 1270, 1276-77 (9th Cir. 1998).  A SIR is sometimes mistake for a deductible.  However, the two are distinct.

> A SIR differs from a deductible in that a SIR is an amount that an insured retains and covers *before insurance coverage begins to apply*. Once a SIR is satisfied, the insurer is then liable for amounts exceeding the retention, less any agreed deductible…  Policyholders frequently employ SIRs to forego increased premiums…  In contrast, a deductible is an amount that an insurer subtracts from a policy amount, reducing the amount of insurance.  With a deductible, the insurer has the liability and defense risk from the beginning and then deducts the deductible amount from the insured coverage."

*In re Sept. 11th Liab. Ins. Coverage Cases,* 333 F.Supp.2d 111, 124 n. 7 (S.D.N.Y. 2004)(citing Barry R. Ostrager & Thomas R. Newman, *Handbook on Insurance Coverage Disputes* § 13.13(a)(12th ed. 2004)(emphasis added)).   Thus, while deductibles may allow immediate coverage, SIRs only allow for liability once the retention has been exhausted.

Montana courts acknowledge and apply this principle.  *See e.g. Northfield Ins. Co. v. Montana Ass'n of Counties,* 301 Mont. 472, 10 P.3d 813 (2000).  In

*Northfield*, the Montana Association of Counties' (MACO) self-insurance fund was the primary insurer for a county defendant. *Id.* Secondary insurers sought a declaratory judgment as to when their duty to indemnify would arise. *Id.* The Montana Supreme Court held that a "secondary insurer's duty to indemnify cannot be said to exist if primary coverage has not been exhausted." *Id.* at 447, 817. The Court concluded that MACO had "not exhausted its self-insured retention funds." *Id.* As a result, the Court explained that any adjudication on the issue of indemnification was premature because the contractual duty to indemnify had not yet arisen. *Id.* at 478, 817. The duty to defend, indemnify, or otherwise cover a loss is not triggered for an excess or secondary insurer when a SIR amount has not been fully exhausted.

The Ninth Circuit Court of Appeals' interpretation of SIRs is the same as Montana's. As the Ninth Circuit explained, "[i]t is well recognized that self-insurance retentions are the equivalent to primary liability insurance, and that policies which are subject to self-insured retentions are "excess policies" which have no duty to indemnify until the self-insured retention is exhausted." *Pac. Employers Ins. Co.*, 144 F.3d at 1276-77. Nor does the insurer have any duty to contribute to settlement until the self-insurance is exhausted. *Id.*

Lloyd's review of reported decisions from the 9th Circuit considering application of SIRs reveals universal acceptance and application of the *Pacific*

*Employer's Ins*. holding.  *See e.g. Travelers Cas. and Sur. Co. v. American Intern. Surplus Lines Ins. Co.*, 465 F.Supp.2d 1005, 1021 (S.D. Cal. 2006)("Until the SIR is satisfied, the insured is its own 'primary insurer' and the insurer has no duty to defend or to indemnify."); *Jaynes Corp. v. American Safety Indem. Co.*, 2012 WL 6720606 at *13 (F.Supp.2d citation not currently available)("Policies subject to self-insured retentions are treated like excess policies: [i]t is well recognized that self-insured retentions are the equivalent of primary insurance and . . . are 'excess policies' which have no duty to indemnify [or defend] until the self insured retention is exhausted.")(brackets in original)(quoting *Travelers Cas. and Sur. Co. v. American Intern. Surplus Lines Ins. Co,* supra); *In re Feature Realty Litigation*, 634 F.Supp.2d 1163, 1170 (E.D. Wash. 2007)(exhausting of SIR condition precedent to provision of coverage).

A self-insured retention "effectively transforms the policy from a primary policy into an excess policy covering only amounts in excess of the self-insured retention." *Trinity Homes LLC v. Ohio Cas. Ins. Co.,* 2007 WL 1021825 (S.D. Ind. 2007).  The *Trinity Homes* court concluded that "like an excess insurer, an insurer providing coverage in excess of a self-insured retention has no duty to defend until the self-insured retention is exhausted." *Id.* at *15.  Thus, a policy subject to a self-insured retention is viewed as an excess policy whose duty to indemnify doesn't arise until the self-insured retention is exhausted.

The 9th Circuit cases and the *Trinity* decision appear to represent the majority view - insurers cannot be liable for indemnification or defense costs until self-insured retentions are exhausted.  *See, e.g.*, *City of Oxnard v. Twin City Fire Ins. Co.*, 37 Cal. App. 4th 1072, 1077-78 (Cal. App. 1995); *United States Fire Ins. Co. v. Scottsdale Ins. Co.*, 264 S.W.3d 160, 173 (Tex. App. 2008); *Allianz Ins. Co. v. Guidant Corp.*, 884 N.E.2d 405, 420 (Ind.App. 2008); *Hormel Foods Corp v. Northbrook Prop. & Cas. Ins. Co.*, 938 F. Supp. 555, 560 (D. Minn. 1996) aff'd 131 F.3d 143 (8th Cir. 1997)(insured had obligation to pay defense costs until SIR was exhausted); *Pak-Mor Mfg. Co. v. Royal Surplus Lines Ins. Co.*, 2005 WL 3487723 (W.D. Tex.  2005)(not reported) (despite bankruptcy of insured, court held that unambiguous language in policy required insured to pay SIR before insurer could be found liable).  Exhaustion of self-insured retention amounts is a condition precedent to insurance coverage.

Here, the Policy contains a clear and explicit self-insured retention clause.  It plainly states:

> VII.   HOW COVERAGE LIMITS AND SELF INSURED RETENTIONS ARE APPLIED TO CLAIMS INVOLVING CLIENT COMPANIES
>
> When a Claim is made solely against a Client Company, the Client Company Any One Insured Event amount, as shown for the Declarations, *shall apply first, **when exhausted** the Client Company Each

Insured Event amount, as shown in the Declarations, shall apply, subject to the LIMIT OF LIABILITY.

VIII. <u>SELF INSURED RETENTION</u>

Our obligations to pay under this policy applies only to the amount of Loss ***in excess of any Self Insured Retention amount***, as shown in the Declarations, and the LIMIT OF LIABILITY will not be reduced by the amount of such Self Insured Retention.

*Policy*, VII and VIII (emphasis added).

According to the Policy, the SIR for companies with more than fifteen employees is $25,000.00 per claim. A plain reading of the Policy shows that Lloyd's liability was triggered only if the $25,000.00 retention amount had been "exhausted." Following the reasoning of the Montana Supreme Court in *Northfield* and the Ninth Circuit Court of Appeals in *Pacific Employers*, the Policy is considered an excess policy. Lloyd's duties to defend and indemnify would only have arisen once the SIR had been exhausted. Just as in *Northfield* where the court concluded that an insurer's contractual duty had not been triggered, Lloyd's contractual duties to defend or indemnify were not triggered because RECR had refused to pay one dollar toward its SIR. It is indisputable that RECR failed to satisfy the self-insured retention.

Plaintiffs' claims are brought through assignment by RECR, and those claims are subject to every defense that Lloyds would have had against RECR.

RECR had no right to coverage until it had satisfied the SIR as required by the Policy.  It failed to do so, and Lloyd's had no duty to defend, indemnify, or otherwise provide coverage.  Judgment is proper in favor of Lloyd's as a matter of law.

## **CONCLUSION**

The Policy is clear and unambiguous.  Lloyd's obligation and liability would only have arisen if the SIR had been exhausted.  It is indisputable that RECR paid nothing toward its defense. Lloyd's had no obligation to defend or indemnify RECR prior to its settlement and consent to entry of judgment and Plaintiff's can recover nothing while standing in RECR's shoes.   Judgment for Lloyd's is necessary and appropriate.

Dated this 20th day of June, 2013.

CROWLEY FLECK PLLP

By /s/ Matthew A. Baldassin
      Matthew A. Baldassin
      Attorneys for Defendants

CERTIFICATE OF COMPLIANCE

Those Certain Underwriters at Lloyd's severally subscribing to Policy Numbers 115NAP108111970 and 115NAP109111970 hereby certifies, pursuant to Local Rule 7.1(d)(2)(e) of the Montana United States District Court, that *Defendant's Brief in Support of Motion for Summary Judgment* contains 2177 words (as counted by Microsoft Word 2007), excluding caption, certificate of service and compliance, is double spaced and printed in at least 14 point font.

CROWLEY FLECK PLLP

By /s/ Matthew A. Baldassin
      Matthew A. Baldassin
      Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served upon the following

counsel of record, by the means designated below, this 20th day of June, 2013:

1, 2      CM/ECF
\_\_\_\_\_      Hand Delivered
\_\_\_\_\_      Mail
\_\_\_\_\_      Overnight Delivery Service
\_\_\_\_\_      Fax
\_\_\_\_\_      E-mail


1.      Clerk of U.S. District Court

2.      Torrance L. Coburn
        TIPP & BULEY, P.C.
        2200 Brooks Street
        PO Box 3778
        Missoula, MT  59806-1788

CROWLEY FLECK PLLP


By /s/ Matthew A. Baldassin
      Matthew A. Baldassin
      Attorneys for Defendants